NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2014[*]
Decided May 22, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1851

| | |
|---|---|
| PETER J. LASLIE, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 10 C 3031 |
| CHICAGO TRANSIT AUTHORITY, | |
|     *Defendant-Appellee.* | Thomas M. Durkin, |
| | *Judge.* |

**O R D E R**

Peter Laslie, a black rail-car switchman, appeals the summary judgment for his employer, the Chicago Transit Authority, in his suit asserting race discrimination and retaliatory discharge. We affirm in part and vacate and remand in part.

---

[*] After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

The CTA suspended Laslie in January 2009 for 17 days after he was involved in a train collision. Laslie had been guiding a train without working brakes through the CTA repair shop at the direction of another CTA employee. The train operator, unaware that the train did not have working brakes, was unable to stop the train before it hit a repair-shop door. A later investigation completed by a CTA transportation manager concluded that Laslie was partially responsible for the collision and violated CTA rules by using a defective car to push other cars and damaging CTA property (the repair-shop door). Given his role in the accident (and in another accident two years earlier), the CTA suspended Laslie and placed him on probation. He filed an EEOC charge, alleging that the CTA discriminated against him based on his race because a white employee (later identified as Dave Grabski) was involved in the same incident but was not suspended.

The CTA discharged Laslie in December 2009 after he was involved in another collision. This time he operated a train on a track that was partially obstructed by train cars on an adjacent track. He misjudged whether there was space for his train to pass and his train sideswiped the train cars on the adjacent track, causing substantial damage to the train cars. A transportation manager investigated and concluded that Laslie was responsible for the accident and, because he was still on probation for the January incident, recommended Laslie's discharge. The general manager agreed and fired Laslie. He was later rehired by the CTA and reinstated to his switchman position.

Laslie sued the CTA under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3, alleging that the CTA discriminated against him based on his race when it disciplined him for the January 2009 incident and later fired him in retaliation for filing the discrimination charge with the EEOC.

The district court granted the CTA's motion for summary judgment on both the discrimination and retaliation claims. The court concluded that Laslie failed to present "even a scintilla of evidence" that race motivated the CTA's disciplinary decisions or that he was discharged for filing the EEOC charge eight months earlier.

On appeal Laslie seems to challenge the district court's conclusion that he did not establish pretext. According to the court, Laslie failed to show that the CTA's proffered reasons for firing him were factually baseless because he admitted being partially responsible for the sideswiping incident. But partial responsibility is not full responsibility, Laslie now contends, and he asserts that the CTA's retaliatory intent is

reflected in its decision to hold him solely responsible for an incident that was not entirely his fault. But courts must evaluate whether the employer's proffered reason is a lie, see *Smiley v. Columbia Coll. Chicago*, 714 F.3d 988, 1002 (7th Cir. 2013); *Russell v. Acme-Evans Co.*, 51 F.3d 64, 68 (7th Cir. 1995); *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 714 (6th Cir. 2007), not whether the employer "may be wrong about its employee's performance," *Gates v. Caterpillar, Inc.*, 513 F.3d 680, 691 (7th Cir. 2008); see also *Anderson v. Durham D & M, LLC*, 606 F.3d 513, 522 (8th Cir. 2010). As the district court correctly noted, Laslie did not provide evidence reflecting that the CTA had other motivations for firing him, and he admits that he was partially responsible for the damaged caused by the sideswiping incident. Given his culpability in that incident and his prior disciplinary history, the court properly concluded that no reasonable jury could find that the CTA's reasons for firing him were pretextual. See *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 687–88 (7th Cir. 2010); *Pearson v. Mass. Bay Transp. Auth.*, 723 F.3d 36, 40–41 (1st Cir. 2013).

Regarding the discrimination claim, Laslie challenges the district court's finding that he had failed to identify any similarly situated employee who had been treated more favorably than he. Laslie maintains that he had identified Grabski, the white employee who was not suspended despite also being involved in the accident in which Laslie was involved. The judge noted that Grabski worked in a different department under a different supervisor and didn't know that the train lacked working brakes. In this appeal, Laslie challenges the judge's finding on the basis of an excerpt from an undated ruling by an arbitrator, who had handled Laslie's grievance over his 17-day suspension and subsequent discharge. The arbitrator found, according to the excerpt, that Laslie and Grabski had been "equally guilty of the rule violation" and that the Transit Authority had, by disciplining Laslie but not Grabski, "clearly treated similarly situated employees differently."

This is evidence of discrimination against Laslie, but it was not submitted to the district court; nor is it the complete arbitration decision, though it's not apparent that anything is missing that would bear on Grabski; nor is the excerpt authenticated, though it appears to be authentic (the absence of a date on the excerpt doesn't seem to undermine its authenticity).

It is not "before" us, but we hesitate to invoke technical rules of evidence against a pro se appellant. For all we know, Laslie didn't have the arbitration ruling when the case was in the district court (remember that we don't have the date of the ruling), or

didn't grasp its significance until he appealed, and didn't think that he should or could ask the district court to reopen the case to consider it. If it is authentic and (so far as Grabski is concerned) complete, it is significant evidence in support of Laslie's claim, and should if possible receive consideration. See *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 60 (1974); *Coleman v. Donahoe*, 667 F.3d 835, 855 (7th Cir. 2012). We have decided therefore to order a limited remand to the district court, for a determination whether to reopen the case to reconsider the denial of Laslie's discrimination claim on the basis of the arbitration ruling. See *United States v. Adams*, 746 F.3d 723, 744-45 (7th Cir. 2014); *United States v. Obi*, 542 F.3d 148, 154 (6th Cir. 2008). The denial of his retaliation claim is, however, affirmed.